## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

TANYA PANGELINAN, individually and on behalf of all
others similarly situated,

Plaintiff,

C.A. No:  18-132

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

-v.-

VALENTINE & KEBARTAS, LLC

LVNV FUNDING, LLC  and

JOHN DOES 1-25,

Defendants.

Plaintiff Tanya Pangelinan (hereinafter, "Plaintiff" or "Pangelinan"), a Texas resident, brings this Class Action Complaint by and through her attorneys, RC Law Group PLLC against Defendant Valentine & Kebartas, LLC (hereinafter "Defendant Valentine") and Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## <u>INTRODUCTION</u>

1.    Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned

that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

<u>**JURISDICTION AND VENUE**</u>

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

<u>**NATURE OF THE ACTION**</u>

5.    Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Bell, residing at 1808 Amethyst Drive, Killeen, Texas 76549.

8.      Defendant Valentine is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 15 Union Street #202, Lawrence, MA 01840.

9.      Defendant LVNV Funding, LLC  is a "debt collector" as the phrase is defined in 15 U.S.C. §1692(a)(6) and used in the FDCPA with an address at 200 Meeting Street, Ste 206, Charleston, SC 29401.

10.     Upon information and belief, Defendant Valentine is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

        a.   all individuals with addresses in the State of Texas;

    b.   to whom Defendant Valentine sent a collection letter attempting to collect a consumer debt;

    c.   which debt was currently owned by Defendant LVNV;

    d.   regarding collection of a debt;

    e.   that deceptively included a statement that the IRS may be notified for settlement of the debt, when the requirements for this event to occur will not be met;

    f.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

18.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.   **Numerosity:** The Plaintiff is informed and believe, and on that basis alleged, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   b.   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692f.

   c.   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d.   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to June 13, 2017, an obligation was allegedly incurred by Plaintiff.

24.    The alleged obligation arose out of a transaction involving a Credit One Bank debt incurred by Plaintiff in which money, property, insurance or services were the subject of the transaction. Specifically, Plaintiff used the funds of the Credit One Bank debt to purchase goods that were primarily for personal, family or household purposes.

6

25.    The Credit One Bank debt was subsequently sold to Defendant LVNV, current owner of the debt.

26.    Defendant LVNV contracted with Defendant Valentine to collect the alleged debt.

27.    The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

28.    Defendant Valentine collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – June 13, 2017 Collection Letter*

29.    On or about June 13, 2017, Defendant Valentine sent Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt owed to Defendant LVNV.  **See June 13, 2017 Collection Letter – Attached hereto as Exhibit A.**

30.    The Letter offered Plaintiff multiple options for settling the alleged debt.

31.    The letter stated "LVNV Funding LLC is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If LVNV Funding LLC is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS."

32.    The total balance due on the debt being collected was $841.98

33.    In the Letter, Defendants offered discount options of 50%, 40% or 30% off the current balance.

34.    Under any of these settlement terms, the maximum amount of debt forgiveness in this settlement offer would be $420.99.

35.    Pursuant to Internal Revenue Code §6050P, discharges of indebtedness of $600 or more during any calendar year, must be reported to the IRS on Form 1099C.

36.     The Notice in the Letter stating that a discharge of debt may be reported to the IRS is deceptive and misleading to the Plaintiff as there is no way that the amount of debt forgiveness here could reach $600.00.

37.     The invocation of the Internal Revenue Service in the Letter only served to scare Plaintiff for fear of tax repercussions and served to overshadow the settlement offer.

38.     A statement that serves to confuse a consumer, and can never apply during this collection is clearly deceptive and harmful.

39.     Plaintiff incurred a financial risk of harm as she was afraid to take advantage of the settlement amount for fear of tax consequences which were falsely threatened to her.

40.     As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
## *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.     Defendants violated said section by making a false and misleading representation in violation of §§ 1692e, 1692e(2), 1692e(5) and 1692e(10).

45.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f** *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

48.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

49.     Defendants violated this section by unfairly and falsely scaring Plaintiff into believing she would suffer tax penalties if she accepted the settlement offer.

50.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

51.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tanya Pangelinan, individually, and on behalf of all others similarly situated demands judgment from Defendant Valentine & Kebartas, LLC and Defendant LVNV Funding, LLC as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  May 10, 2018                    Respectfully Submitted,

                                        **RC LAW GROUP, PLLC**

                                        /s/ Yaakov Saks
                                        Yaakov Saks, Esq.
                                        285 Passaic Street
                                        Hackensack, NJ 07601
                                        Ph: (201) 282-6500
                                        Fax: (201) 282-6501
                                        ysaks@rclawgroup.com
                                        *Attorneys For Plaintiff Tanya Pangelinan*